## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MEARS TRANSPORTATION GROUP,**

        **Plaintiff,**

**vs.**                             **CASE NO.: 6:08-cv-1359-Orl-22GJK**

**ZURICH AMERICAN INSURANCE
COMPANY,**

        **Defendant.**

_____/

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
#### (and incorporated Memorandum of Law)

Pursuant to the Court's Order dated August 27, 2009 (Doc. 31), the Plaintiff, Mears Transportation Group ("Mears"), submits this Motion for Attorneys' Fees and Costs against the Defendant pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Local Rule 4.18(a), 28 U.S.C. § 1927, and Section 627.428, Florida Statutes. In support of this Motion, Mears states as follows:

### BACKGROUND

1.     On June 6, 2008, Mears filed this lawsuit in the Ninth Judicial Circuit Court in and for Orange County, Florida, seeking a determination of its entitlement to insurance coverage under the terms of an insurance policy Mears purchased from Zurich. (Doc. No. 2). In its Complaint, Mears sought coverage for $153,501.79 in relocation expenses Mears incurred as a result of the removal and remediation of contaminated soil from Mears' property following a petroleum spill. Zurich subsequently removed the case to this Court. (Doc. No. 1).

2.     Mears attempted to mediate this case twice, but both times Zurich declined to mediate or engage in any discussions to resolve this matter, insisting instead on seeking a ruling from the Court.

3.     Zurich filed a Motion for Summary Judgment on April 23, 2009 (Doc. No. 22), and Mears filed a cross Motion for Summary Judgment on April 28, 2009 (Doc. No. 23).  Mears filed its response in opposition to Zurich's Motion for Summary Judgment on May 26, 2009 (Doc. No. 27), and Zurich filed its response in opposition to Mears' Motion for Summary Judgment on May 28, 2009 (Doc. No. 28).

4.     On August 27, 2009, the Court entered its Order denying Zurich's Motion for Summary Judgment, granting Mears' Motion for Summary Judgment, and awarding Mears $153,501.79 for the relocation expenses it incurred during the clean-up of the petroleum spill on its premises.  The Court further determined that Zurich is liable to Mears for reasonable attorneys' fees under Section 627.428, Florida Statutes, and referred this matter to Magistrate Judge Gregory J. Kelly to determine the amount of the fee award.

5.     Filed contemporaneously with this Motion is the Affidavit of Attorneys' Fees prepared by Kevin W. Shaughnessy, lead counsel for Mears in this action.  The Affidavit contains a complete and accurate accounting of the reasonable attorneys' fees in the amount of $38,860.50, which have been incurred by Mears through the date of the Court's Order granting Mears' Motion for Summary Judgment.  The Affidavit also contains an accounting of the $5,180.00 in additional fees Mears requests for preparation of this fee application.

6.     Federal Rule of Civil Procedure 54(d) allows a prevailing party to be reimbursed for costs, and 28 U.S.C. § 1920 sets forth which costs are recoverable.  Mears requests

reimbursement for its recoverable costs, which consist of the $255.00 filing fee, as reflected in Mears' Bill of Costs, which has been filed contemporaneously with this Motion.

7. <u>Local Rule 3.01(g) Certification</u> – Counsel for Mears has conferred with Zurich's counsel in a good faith effort to resolve the issues raised in this Motion. Unfortunately, the Parties were unable to stipulate to the amount of Mears' reasonable attorneys' fees. Zurich does not contest Mears' entitlement to $255.00 in costs, however.

WHEREFORE, Mears respectfully asks this Court to award Mears its reasonable attorneys' fees and costs incurred in prosecuting this action.

## MEMORANDUM OF LAW

**I.    THIS COURT SHOULD AWARD MEARS ITS RECOVERABLE COSTS UNDER 28 U.S.C. § 1920 BECAUSE MEARS IS THE PREVAILING PARTY IN THIS ACTION.**

Federal Rule of Civil Procedure 54(d) allows a prevailing party to be reimbursed for costs, and 28 U.S.C. § 1920 sets forth which costs are recoverable. Mears requests reimbursement of its recoverable costs as detailed in Mears' Bill of Costs, which has been filed contemporaneously with this Motion. Specifically, this Court should order Zurich to reimburse Mears for the costs associated with filing the Complaint which total $255.00. Zurich does not dispute Mears' entitlement to costs or the amount requested.

**II.    THIS COURT SHOULD AWARD MEARS $44,040.50 FOR ITS REASONABLE ATTORNEYS' FEES UNDER SECTION 627.428, FLORIDA STATUTES.**

Section 627.428, Florida Statutes, mandates an award of attorneys' fees to an insured who prevails in an action against an insurer. The purpose of the statute is to place the insured in the place it would have been if the insurer had seasonably paid the claim without forcing the insured to engage counsel and incur obligations for attorneys' fees. <u>Insurance Co. of North America v. Lexow</u>, 602 So. 2d 528, 531 (Fla. 1992). This Court has already determined that

Mears is entitled to reasonable attorneys' fees. Thus, the only issue remaining for the Court's determination is the proper amount of the fee award. The Eleventh Circuit has set forth the proper analysis for determining reasonable attorneys' fees in Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). Under Norman, the Eleventh Circuit adopted a "straight forward lodestar analysis discussing reasonable rate, hours reasonably expended, and adjustment of lodestar amount." Resolution Trust Corp. v. Hallmark Builders, Inc., 143 F.R.D. 277, 282 (M.D. Fla. 1992), rev'd on other grounds, 996 F.2d 1144 (11th Cir. 1993). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal citations omitted). A fee applicant may meet its burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. Norman, 836 F.2d at 1300. "In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services." Scelta v. Delicatessen Support Services, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

**A.    This Court Should Award Mears $38,860.50 For Fees Incurred Through The Date The Court Granted Mears' Motion For Summary Judgment.**

In this case, Mears incurred reasonable attorneys' fees totaling $38,860.50.0 through the date the Court granted Mears' Motion for Summary Judgment, as evidenced by time records incorporated in the form of monthly billing statements sent to Mears. The rates charged for each attorney and paralegal providing services in this action, as well as a description of each individual's experience, are set forth in the Mr. Shaughnessy's Affidavit, filed contemporaneously with this Motion. A copy of the billing statement is attached as Exhibit A to Mr. Shaughnessy's Affidavit. The hourly rates charged by the attorneys and paralegals in this

case are reasonable and commensurate with hourly rates charged by legal professionals of similar experience providing similar services in this area. Likewise, the number of hours expended represent the actual hours charged to Mears and are reasonable in light of the activities undertaken and the results obtained. Importantly, not all hours spent prosecuting this action were billed to Mears, and Mears received a significant discount on its bill during the course of the litigation as a valued and long-standing client. Specifically, as explained in Mr. Shaughnessy's Affidavit, 29.23 hours of work actually performed to prosecute this matter were not billed to Mears, equating to a fee discount of $11,783.00. Therefore, inasmuch as there has already been a dramatic discounting of the fees billed in this case, this Court should conclude that the net fees billed to Mears in this case are reasonable. Although the Court is itself an expert on the reasonableness of attorneys' fees, Mears also submits the Affidavit of Bruce Blackwell, filed contemporaneously with this Motion, to support the reasonableness of the fees incurred by Mears in prosecuting this action.

**B.** **This Court Should Award Mears $5,180.00 For Fees Incurred To Prepare The Fee Application.**

Mears also asks the Court to award Mears an additional $5,180.00 for the reasonable attorneys' fees incurred preparing this fee application. As detailed in Mr. Shaughnessy's Affidavit, this amount reflects 10.0 hours of time expended by Mears' counsel and 4.0 hours expended by Mears' attorneys' fees expert. The amount requested is far less than the fees actually incurred to prepare this fee application. Accordingly, Mears respectfully requests that this Court award Mears reasonable attorneys' fees in the total amount of $44,040.50.

## CONCLUSION

This Court should grant this Motion and award Mears its full costs and reasonable attorneys' fees as the prevailing party in this action.

Respectfully submitted,

/s/ Marilyn G. Moran
Scott E. Damon, Esquire
Florida Bar No.: 031909
Marilyn G. Moran, Esquire
Florida Bar No.: 0163818
**BAKER & HOSTETLER LLP**
P.O. Box 112
Orlando, Florida 32802-0112
Phone: (407) 649-4000
Fax: (407) 841-0168

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Louis Schulman, and R. Steven Rawls, Butler Pappas Weihmuller Katz Craig LLP, counsel for the Defendant.

/s/ Marilyn G. Moran
Marilyn G. Moran

502560068.1