UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEARS TRANSPORTATION GROUP,
INC., a Florida corporation,

       Plaintiff,                   CASE NO.:   6:08-CV-01359-JA-GJK

vs.

ZURICH AMERICAN INSURANCE
COMPANY, INC., a foreign
corporation,

       Defendant.
_____/

### ZURICH'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING  MEARS' MOTION FOR SUMMARY JUDGMENT AND DENYING ZURICH'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR TEMPORARY STAY

       Defendant, ZURICH AMERICAN INSURANCE COMPANY, INC. ("Zurich"), by and through its undersigned counsel, and pursuant to Rule 3.01, Local Rules for the Middle District of Florida, and Rule 60, Fed.R.Civ.P., hereby move for reconsideration of this Court's Order dated August 26, 2009 and docketed on August 27, 2009 which granted plaintiff MEARS TRANSPORTATION GROUP, INC.'S ("Mears") motion for summary judgment and denied Zurich's motion for summary judgment.  As grounds therefore Zurich states as follows:

1.      On August 26, 2009, this Court granted Mears' motion for summary judgment and denied Zurich's cross-motion for summary judgment on the issue of coverage.  Zurich moves this court to reconsider its ruling in order to correct clear error.

2.      In this motion, Zurich addresses two pronouncements of the Court in that ruling.

3.      First, Zurich addresses the Court's pronouncement that the policy covers the cost of relocating Mears' business.

4.      Second, Zurich addresses the Court's pronouncement that the policy exclusion at issue does not apply to the cost of temporary relocation of Mears' business.

5.      The first party coverage of the Zurich policy pays Mears for certain cleanup costs required by governmental authority.  The cost of relocating Mears' business is not required by governmental authority here.

6.      With respect to the Court's pronouncement that the policy covers the cost of relocating Mears' business, Zurich respectfully submits that this is error.

7.      For the purposes of this motion, Zurich argues that the Court's ruling on cleanup costs is error for two reasons.  First, the record contains no evidence of local ordinances that require relocation; the parties agreed that the local ordinances cited by the court require evacuation.  Second, even if the court chose to independently review local ordinances, all such ordinances only require evacuation of personnel for health and safety reasons and do not require relocation of a business.  The words evacuation and relocation have materially different meanings and are not interchangeable.

2

8.     The second issue Zurich addresses is the Court's pronouncement that the policy exclusion at issue, Exclusion L, does not apply to the cost of temporary relocation of Mears' business.

9.     Exclusion L on its face is reasonably susceptible of only one meaning that does not include a time element.  Accordingly, Exclusion L applies to exclude claims for Mears' business relocation costs regardless of whether such relocation was temporary or permanent.  The Court is not free to alter an insurance contract that is clear on its face.

10.     Finally, Zurich requests a temporary stay of these proceedings pending the Court's consideration of this motion for reconsideration.

WHEREFORE, defendant ZURICH AMERICAN INSURANCE COMPANY, INC., respectfully requests that this Court issue an order temporarily staying these proceedings, granting reconsideration of its order dated August 26, 2009, vacating that order, denying Mears' motion for summary judgment, granting Zurich's motion for summary judgment, and awarding Zurich its costs and such further relief as the Court may deem just and proper.

## MEMORANDUM OF LAW

### I.     Standard of Review

"When evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.' *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489

(M.D. Fla.1999).  In accordance with that principle, 'a motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.' *SEC v. Seahawk Deep Ocean Technology, Inc.,* 74 F. Supp.2d 1188, 1192 (M.D. Fla.1999) (internal citations and quotations omitted). . . .  'This Court has recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.' *True v. Commissioner of the I.R.S.*, 108 F. Supp. 2d 1361, 1365 (M.D. Fla.2000) . . . 'The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion.' *See American Home Assurance Co.*, 763 F.2d at 1238-39 (internal citations omitted)."  *McGuire v. The Ryland Group, Inc.*, 497 F. Supp. 2d 1356 (M.D. Fla. 2007) (Conway, J.)."  Zurich asserts this motion for reconsideration to correct clear error.

## II.  Governmental authority routinely requires evacuation of people during remediation for health and safety reasons, but governmental authority never requires relocation of a business enterprise

The policy covers cleanup costs[1] required by governmental authority.  The costs of relocating a business during pollution remediation are not required by any governmental authority here.  The policy does not cover cleanup costs that are not required by governmental authority.

---

[1]     This motion does not address the Court's ruling that the cost of relocating Mears' business qualified as a cleanup cost under the policy.  That ruling remains subject to appeal.

The Court's pronouncement that the policy covers the cost of relocating Mears' business is error for two reasons.  First, the record contains no evidence that local ordinances require relocation; the parties agree that the local ordinances cited by the court require evacuation.  Second, even if the court chose to disregard the parties' agreement and independently reviewed such local ordinances, those ordinances only require evacuation for health and safety reasons and do not require an enterprise to relocate its business.

In the stipulated facts presented to the Court, the parties agreed that the Orange County Building Code and Orange County Fire Code required Mears to *evacuate* its personnel from the M-4 Building during the remediation of contaminated soil.[2] (Emphasis supplied).  The parties further agreed that such evacuation was required for health and safety reasons.[3]

Vacation (evacuation) and relocation are different words with different meanings that are not interchangeable.  New York courts often rely upon dictionaries to determine the plain meaning of words.  *Cf. Rosner v. Metropolitan Prop. & Liab. Ins. Co.*, 89 N.Y.2d 475 (2001).  The Merriam-Webster Online Dictionary (2009) provides definitions of these words.  "Evacuate" means to vacate or withdraw from a place in an organized way, especially for protection.  "Vacate" means to give up incumbency or occupancy of, to

---

[2]    Pp. 4, 5 (¶ 9-10 of the **AGREED STATEMENT OF UNDISPUTED FACTS**, Defendant Zurich's Motion for Summary Judgment)

[3]    *Id.*

5

vacate an office, post, or tenancy.  "Relocate" means to move to a new location, to establish or lay out in a new place.

"Evacuate" and "vacate" thus only refer to the act of leaving, while "relocate" means a combination of both "to vacate" and "to establish . . . in a new place." Therefore, the Court's finding that both evacuation and temporary relocation costs are required by government authority might have been appropriate had the statutory language used "relocate" rather than "vacate" or "evacuate," but is clear error when, as in this case, the undisputed statutory language states "vacate" or "evacuate."  This is because the Court's ruling expanded the meaning of "evacuate" beyond its plain meaning.  Legislatures or local governing authorities are presumed to know the plain meaning of language used in statutes or ordinances and, when they choose to use "vacate" or "evacuate" rather than "relocate," that intent must be preserved.  The agreed facts demonstrate that the local ordinance cited by the court requires evacuation for health and safety reasons.[4]  Evacuation does not mean relocation and does not mean the relocation of a business.

Even if the court chose to disregard the parties' stipulation of facts, the Orange County Building Code and Orange County Fire Code only require evacuation of personnel for health and safety reasons.  The local ordinances do not authorize a governmental agency to require an enterprise to relocate its business.

---

[4]      The Court is limited to the evidence in the record when considering summary judgment.  *Hipp v. Liberty Nat. Life Ins. Co.*, 973 F. Supp 1033 (M.D. Fla. 1997).

For example, one provision in The Code of Ordinances for Orange County, Chapter 9, Article II provides:

> 109.1 Imminent danger.  When, in the opinion of the code enforcement division manager, there is imminent danger of failure or collapse of a building or structure which endangers life, or when any structure or part of a structure has fallen and life is endangered by the occupation of the structure, or when there is actual or potential danger to the building occupants or those in the proximity of any structure because of explosives, explosive fumes or vapors or the presence of toxic fumes, gases or materials, or operation of defective or dangerous equipment, the code enforcement division manager is hereby authorized and empowered to order and require the occupants to vacate the premises forthwith. The code enforcement division manager shall cause to be posted at each entrance to such structure a notice reading as follows: "This Structure is Unsafe and/or Unfit For Human Habitation And Its Occupancy Has Been Prohibited by the Code Enforcement Division Manager." It shall be unlawful for any person to enter such structure except for the purpose of securing the structure, making the required repairs, removing the hazardous condition or of demolishing the same.

In addition, the Code states:

> 115 Unsafe buildings or systems. All buildings, structures, electrical, gas, mechanical, or plumbing systems which are unsafe, unsanitary, or do not provide adequate egress, or which constitute a fire hazard, or are otherwise dangerous to human life, or which in relation to existing use, constitute a hazard to safety or health, are considered unsafe buildings or service systems. All such unsafe buildings, structures, or service systems are hereby declared illegal and shall be abated by repair and rehabilitation or by demolition in accordance with the provisions of the Orange County Nonresidential Property Maintenance Code or other local ordinance.

7

These Code examples are typical.  No local ordinance requires relocation. Instead, local ordinances require evacuation, something materially different than relocation.  No local ordinance required Mears to establish its business in a new place. Local ordinance required only that Mears personnel "withdraw from a place" or that Mears "vacate its tenancy" for health and safety reasons.  In substituting the word "relocate" for the words "evacuate" or "vacate," the Court has subjected Zurich to liability under its policy for costs that are not required by governmental authority.  Because the policy only obligates Zurich to pay for cleanup costs required by governmental authority, the Court's pronouncement that "Mears' relocation expenses are covered under the policy because a governmental authority required Mears to incur those cleanup costs" is error.

**III.   Exclusion L applies to all claims for business relocation regardless of whether such expenses were for temporary or permanent relocation**

To the extent that the court believes the policy grants coverage, Exclusion L applies to exclude coverage.  Exclusion L provides that coverage is not available for "'claim(s),' 'cleanup costs' or 'loss(es)' based upon or arising out of . . . any costs for the reconstruction, repair, removal, maintenance, replacement . . . or rebuilding of any . . . personal property, fixtures, buildings or any other improvements. . . . " The Court stated that, when the replacement was only temporary, Exclusion L did not apply.[5]

---

[5]      In so doing, the Court apparently found Exclusion L applicable to claims for permanent relocation costs.

8

In stating this, the Court has inserted terms into the insurance contract that are not a part of the contract.  Exclusion L contains no language limiting its scope based upon whether such costs or changes are temporary or permanent.  Exclusion L simply excludes claims that arise out of any of the stated circumstances which occurred here. "Arising out of" has broad meaning under New York law and means originating from, incident to, or having connection with.  *See, e.g., Regal Constr. Corp. v. Nat. Union Fire Ins. Co.*, 883 N.Y.S.2d 207 (N.Y. App. Div. 2009).  "Any" is plain language; courts that have considered this word as used in statutes routinely acknowledge that  "any" means any.  *See, e.g.,  U.S. v. Ballistrea*, 101 F.3d 827 (2d Cir. 1996).

No New York cases ascribe any temporal meaning to these clear phrases. Exclusion L, in using these phrases, makes no distinction between replacement for a minute and replacement forever.  That does not make the policy ambiguous; rather, time is simply not a factor. In *White v. Continental Cas. Co.*, 878 N.E.2d 1019, 1021 (N.Y. 2007), the court stated:

> Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity.

A court cannot add terms to an insurance policy or construe language to rewrite the insurance contract. *Brust v. Mutual of Omaha*, 724 N.Y.S.2d 254 (N.Y. App. Div. 2000).

The policy issued by Zurich is intended to meet the requirements of governmental authorities that an owner of underground storage tanks be financially responsible for environmental cleanup.  Nothing in this first party insuring agreement at issue here insures a business owner for his own business losses of whatever kind, whether to

9

personal or real property, loss of use of property, business interruption or extra expense. There is simply no coverage for any such loss to the insured itself under this policy.  The purpose of the policy is to provide coverage for the costs required by a governmental entity to effect a cleanup.  Business relocation expenses are not required by a governmental authority; they are extra expenses that the insured incurs to continue its business.

For these reasons, Zurich requests that this proceeding be temporarily stayed, its Motion for Reconsideration be granted, and that the Court withdraw its prior order and grant summary judgment to Zurich.

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he conferred in good faith with opposing counsel, in compliance with Local Rule 3.01(g), in an effort to resolve the issues raised by the motion, but opposing counsel did not agree to this motion.

Respectfully submitted
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP


/s/ R. Steven Rawls
R. STEVEN RAWLS, ESQ.
LOUIS SCHULMAN, ESQ.
777 S. Harbour Island Boulevard, Suite 500
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
rrawls@butlerpappas.com
lschulman@butlerpappas.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the CM/ECF system   on

September 14, 2009, which will automatically send electronic copies to the following:


Scott Damon, Esq.
Baker & Hostetler
Post Office Box 112
Orlando, FL  32802-0112

Marilyn G. Moran, Esq.
Baker & Hostetler, LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32802-0112


BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP


/s/ R. Steven Rawls
R. STEVEN RAWLS, ESQ.
LOUIS SCHULMAN, ESQ.
777 S. Harbour Island Boulevard, Suite 500
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:     (813) 281-0900
rrawls@butlerpappas.com
lschulman@butlerpappas.com
Attorneys for Defendant

11